No. 4880.

(Court of Appeal, Parish of Orleans).

## ABDALLAH E. ANDONIE vs. CENTRAL AMERICAN STEAMSHIP COMPANY.

J. C. Wickliffe for plaintiff and appellee.

Howe, Fenner, Spencer & Cocke and B. J. Mayer for defendant and appellants.

GODCHAUX, J.—The draft in this case was drawn in Honduras upon defendant in New Orleans, by defendant's duly-authorized agent, located in Honduras. The defendant questions this agent's authority, but such authority is abundantly proven; and, therefore, the draft must be regarded as if it were defendant's promissory note, executed in Honduras, but payable in Louisiana. The payee, one Jones, as soon as he received it, indorsed

it over in Honduras, for a valuable consideration, to a third person who had no notice of any equities that existed against the indorser or original payee. The plaintiff, by subsequent indorsements made in Honduras, acquired the note in due course, and, having in vain demanded payment of defendant, brings this suit to enforce the obligation, the amount of which, though it is expressed in Honduras currency, is admitted to be $645.00.

The defendant has a good defense to the note against Jones, who acquired it under false pretenses and without consideration, and it seeks to urge this defense against the plaintiff on the ground that under the Honduras law, where the indorsement by Jones was made, the effect of said indorsement was simply to constitute the indorsee the agent of Jones for collection. The defendant claims that the Honduras law provides that where, as in the present case, an indorsement is not dated, the effect of such indorsement is not to transfer ownership, but simply to constitute the indorsee the agent for collection of the indorser.

Under the view the Court takes of the law applicable to the case, it is unnecessary to consider or interpret the Honduras law upon this subject, for while the defendant contends that, inasmuch as the indorsement took place in Honduras, the effect of that indorsement should be governed by the law of that country, the plaintiff, on the other hand, urges that the maker's liability as to the indorsee is governed by the laws of Louisiana, the place where the maker's obligation is to be performed, and it is this latter view that the Court adopts.

Were this suit one by the indorsee against his indorser to enforce the latter's obligation, it would be clear that the law of the place where that indorsement was made and where the contract of indorsement was to be performed would govern the controversy. But where

the suit is one by the indorsee against the maker and the indorsement is made in a State other than the State in which the maker's obligation is to be performed, the law of the place of indorsement has no application.

This whole subject is elaborately treated in an able and comprehensive note appended to the case of **Spies against National City Bank,** reported in **61 L. R. A.,** pp. **193 et seq.** The trend and weight of authority of the cases cited in that note among them the Louisiana cases, establish the principles above set forth, and these principles are further enunciated in **Vol. 22 Am. & Eng. Ency. of Law (2d Ed.), pp. 1346, 1347, 1348 and 1349.**

Construing the indorsement under the laws of Louisiana, the plaintiff is a **bona fide** holder of the note, in due course, before maturity, for a valuable consideration, and is entitled to recover.

Judgment affirmed.

St. Paul, J., recused.

January 24, 1910.

Rehearing refused February 9, 1910.

Writ refused by Supreme Court March 8, 1910.